IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN T. KLAY, ) | 1:09cv0646 DLB |
| ) | |
| Plaintiff, ) | ORDER DISMISSING ACTION |
| vs. ) | |
| COMMISSIONER OF SOCIAL ) SECURITY, ) | |
| Defendant. ) | |

On April 9, 2009, Plaintiff, through counsel, filed the present action for judicial review of the denial of Social Security benefits. On February 17, 2010, the Court granted counsel's request to withdraw and extended the filing deadlines. Pursuant to that order, Plaintiff's opening brief was due on or about March 29, 2010.

Plaintiff did not file an opening brief, and on April 20, 2010, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to file an opening brief. Plaintiff was ordered to respond within twenty (20) days. More than twenty days have passed and Plaintiff has not responded or otherwise contacted the Court.

## **DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

1

Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since April 9, 2009, but no opening brief has been filed. Plaintiff has not responded to the Court's orders. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's

order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's April 20, 2010, order to show cause expressly stated that failure to respond would result in dismissal of the action. Thus, Plaintiff had adequate warning that dismissal would result from non-compliance with the Court's order.

**ORDER**

Accordingly, based on Plaintiff's failure to follow the Court's orders and failure to prosecute, the Court orders that the action be DISMISSED WITHOUT PREJUDICE.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated: **June 4, 2010**                    /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

3